# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN L. HOESTENBACH, JR., on behalf of himself and all others similarly situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 1:19-CV-1257** |
| **FRANKLIN COLLECTION SERVICE, INC., a Mississippi corporation,** | § § § § | |
| **Defendant.** | § § | |

## CLASS COMPLAINT & DEMAND FOR JURY TRIAL
### (15 U.S.C. §§ 1692-1692p)
_____

## I. INTRODUCTION

1.     Plaintiff, JOHN L. HOESTENBACH, JR., brings this action, on behalf of himself and all others similarly situated, against Defendant, FRANKLIN COLLECTION SERVICE, INC., for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, which was enacted to combat unfair and deceptive practices by debt collectors.  The FDCPA is a strict liability statute providing for actual and statutory damages upon the showing of a single violation. In reviewing FDCPA violations contained in a debt collection letter like the one at issue in this action, courts "must evaluate any potential deception in the letter under

an unsophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

## II. PARTIES

2.      Plaintiff JOHN L. HOESTENBACH, JR. is a natural person residing in Leander, Williamson County, Texas.

3.      Defendant   FRANKLIN   COLLECTION   SERVICE,   INC. ("FRANKLIN") is a corporation organized under the laws of the state of Mississippi and its principal place of business is located at 2978 W. Jackson St., Tupelo, Lee County, MS 38801-6731.   FRANKLIN may be served as follows: Franklin Collection Service, Inc. c/o its registered agent, Dan Franklin, 2978 W. Jackson St., Tupelo, MS 38801-6731.

## III. JURISDICTION & VENUE

4.      Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law claim(s), if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

5.      Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district

pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. FACTS

### A.   FDCPA Threshold Elements *("Consumer", "Debt", "Debt Collector")*

6.   In approximately September of 2018, Plaintiff had an AT&T U-verse account for home internet and television service, and Plaintiff was using that service at his private residence in Leander, Texas for personal, family and household purposes.  On or about that time, Plaintiff canceled his AT&T U-verse service.

7.   AT&T alleges Plaintiff still owes $660.95 for the service, an amount that has fallen into default and remains unpaid.  That amount is the subject of this action.  Plaintiff is thus a "consumer" (**15 U.S.C. § 1692a(3)**), and Plaintiff's alleged obligation to pay AT&T is thus a "debt" (**15 U.S.C. § 1692a(5)**) for purposes of the FDCPA.

8.   On July 11, 2019, Diversified Consultants, Inc., a debt collector hired by AT&T, mailed Plaintiff a debt collection letter in an attempt to collect the debt. (**Ex. 1).**  Diversified's debt collection letter acknowledged that Plaintiff had disputed the debt in writing, saying "We received your letter disputing the above-referenced account . . .  We have placed the account in dispute status while we gather the information needed to respond to your dispute." (**Ex. 1 ¶ 1).**

9.      On November 5, 2019, Plaintiff's attorney e-mailed Diversified a letter of representation and a request for release of information related to Plaintiff's AT&T account.

10.     AT&T recalled Plaintiff's account from Diversified and transferred it to Defendant for collection.   Defendant uses the instrumentalities of interstate commerce and the mails to collect debts, which is the principal purpose of its business.  Defendant regularly collects or attempts to collect debts owed or asserted to be owed others.  Defendant, on its website, holds itself out as a debt collector, saying "Our system of handling accounts combines the most advanced technology and efficient techniques . . . for the perfect balance of client/debtor relations." "The Franklin Difference" includes "collection hours reflect optimum debtor contact times . . . credit reporting with major bureaus . . . accounts receivable management service . . . third party dunning letters . . . bad debt recovery . . . [and] full collection service." (https://franklinservice.com/about). Defendant is thus a "debt collector" **(15 U.S.C. § 1692a(6))** for purposes of the FDCPA.

**B.     FDCPA Violations**

11.     On November 11, 2019, Defendant mailed Plaintiff a debt collection letter in an attempt to collect the debt. **(Ex. 2).**  Defendant's debt collection letter, the subject of this action, is violative of the FDCPA in all of the following non-exclusive respects.

4

12.     **Direct Communication With A Represented Party:** Defendant knew Plaintiff was represented by an attorney with respect to the debt, and Defendant communicated directly with Plaintiff without first obtaining his attorney's consent. **15 U.S.C. § 1692c(a)(2).** Plaintiff's attorney's letter of representation was e-mailed to Defendant's predecessor-in-interest, Diversified, 6 days before Defendant mailed a debt collection letter directly to Plaintiff. Defendant thereafter called Plaintiff directly on November 14, 2019, again without first obtaining Plaintiff's attorney's consent.

13.     **Failing To Obtain Verification After A Dispute:** Defendant's debt collection letter and subsequent phone call were both unlawful attempts to collect the debt while Plaintiff's dispute was pending. Defendant's predecessor-in-interest, Diversified, acknowledged in its letter to Plaintiff that it had received a written dispute from Plaintiff and that the account had been placed in dispute status. **(Ex. 1 ¶ 1).** Diversified never obtained verification of the debt and never mailed verification of the debt to Plaintiff after receiving Plaintiff's dispute. Defendant likewise never obtained verification of the debt and never mailed verification of the debt to Plaintiff even though Plaintiff's had a dispute pending. All debt collection attempts subsequent to Plaintiff's dispute were required, by law, to cease until verification of the debt had been obtained and mailed to Plaintiff. **15 U.S.C. § 1692g(b).** While Plaintiff's dispute was still pending (that is, verification had not

been obtained and mailed to Plaintiff), Defendant's debt collection letter and phone call both demanded payment of the debt in violation of the statute. **(Ex. 2).**

14. **Misrepresenting Legal Standing Of Defendant:** Defendant's debt collection letter misrepresented Defendant's legal standing. Defendant's debt collection letter advised Plaintiff "If you are not paying this account, contact your attorney regarding <u>our potential remedies</u>, and your defenses." **(Ex. 2 ¶ 1).** Defendant's letter is misleading to the extent that Defendant has no potential remedies. At no time has Defendant been an owner of the debt. At no time has Defendant been an assignee of the creditor with the right to bring a lawsuit either in its own name or in the name of the creditor. At no time has Defendant been a law firm that could bring suit against Plaintiff on behalf of the creditor. By claiming that Defendant has "potential remedies" that Plaintiff should discuss with Plaintiff's attorney, Defendant has misrepresented that it is an owner or an assignee of the debt. **15 U.S.C. §§ 1692e, e(10).**

15. **Misrepresenting Legal Status Of The Debt:** By claiming in its debt collection letter to Plaintiff that Defendant has "potential remedies" for which Plaintiff needs to discuss his "defenses" with his attorney **(Ex. 2 ¶ 1)**, Defendant has misrepresented or falsely implied that the debt is currently being litigated or that litigation is pending. Defendant's letter thus misrepresented the legal status of the debt. **15 U.S.C. §§ 1692e(2)(A).**

16.     **Threatening To Take Action That Cannot Legally Be Taken:** By claiming in its debt collection letter to Plaintiff that Defendant has "potential remedies" **(Ex. 2 ¶ 1)** when it in fact does not, Defendant has threatened, by implication, to take action (a lawsuit) that it cannot legally take and that it does not intend to take. **15 U.S.C. §§ 1692e(5).**

17.     **Falsely Implying Consumer Will Be Communicating With An Attorney To Encourage Consumer To Call A Number That Deceptively Connects To Defendant's Debt Collectors:** Defendant's debt collection letter advised Plaintiff "If you are not paying this account, contact your attorney regarding our potential remedies, and your defenses, or call (877) 264-2172." **(Ex. 2 ¶ 1).** Incredibly, that phone number is Defendant's number, and Defendant is not an attorney, does not employ attorneys and cannot give legal advice to Plaintiff about Defendant's "potential remedies" or about Plaintiff's "defenses."   By placing Defendant's phone number at the end of a sentence that advises Plaintiff to call his attorney, or, in the alternative, to call this number, Defendant has misrepresented or deceptively implied that Plaintiff will be calling a phone number that will put Plaintiff in contact with an attorney who can give legal advice about the "potential remedies" and "defenses."  Defendant's letter thus falsely implies that Plaintiff can call a phone number to communicate with an attorney, an implication intended to deceive Plaintiff to call Defendant's debt collectors. **15 U.S.C. § 1692e(3).**

7

18.     **Falsely Implying The Letter Is From A Law Firm:** A review of the Mississippi State Bar Association's website shows that Defendant's Founder / President, Dan Franklin, is not an attorney.  Defendant is otherwise not a law firm. However, Defendant's debt collection letter states at the top of the first page that it is from "<u>The Collection Firm</u> of Franklin Collection Service, Inc." **(Ex. 2).**  Read together with the last line of the second page "When this letter was mailed no attorney has personally reviewed your account" **(Ex. 2)**, it is clear that Defendant's letter falsely implies it is from an attorney or a law firm.  The implication violates **15 U.S.C. § 1692e(3).**

19.     **Overshadowing The Right To Dispute The Debt:** Defendant's letter promised Plaintiff that Defendant "intend[s] to report this account on your credit history after (30) thirty days of you receiving this notice." **(Ex. 2 ¶ 2).**  The promise was unqualified; that is, no language was included as an escape clause from that fate, e.g. disputing the debt would not avoid adverse credit reporting.  Defendant's promise overshadowed and was inconsistent with Plaintiff's right to dispute the debt **(15 U.S.C. § 1692g(a)(4))** and thereby avoid collection activity until Defendant obtained verification of the debt. **15 U.S.C. § 1692g(b).**  The overshadowing language is violative of **15 U.S.C. § 1692g** because it distorts, obfuscates and contradicts Plaintiff's rights to a dispute under § 1692g(a)(3)-(5).

8

## V. DEFENDANT'S ROUTINE PRACTICES

20.     It is Defendant's policy and practice to engage in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692c(a)(2), e, e(2)(A), e(3), e(5), e(10), f(1), g and g(b).

21.     Upon information and belief, Defendant's debt collection letter language stating –

> "If you are not paying this account, contact your attorney regarding our potential remedies, and your defenses, or call (877) 264-2172"; and
>
> "I intend to report this account on your credit history after (30) thirty days of you receiving this notice."

– was mailed to hundreds of consumers who are similarly situated with Plaintiff.

## VI. CLASS ALLEGATIONS

22.     Plaintiff brings this action on behalf of a Class of all other persons similarly situated pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

23.     Plaintiff tentatively defines the Class as:

> (i) all persons residing in Texas;

9

(ii) to whom Defendant mailed debt collection letters containing language substantially similar to the language quoted in paragraph 21 above;

(iii) in an attempt to collect an alleged debt;

(iv) that was incurred primarily for personal, family or household purposes;

(v) during the period beginning one year prior to the date of filing this action through the date of class certification.

24.     The Class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has mailed the highly violative and unlawful debt collection language cited in Exhibit "2" to hundreds of Texas Class members.

25.     There are questions of law and fact common to the Class that predominate over any questions peculiar to individual Class members.  The common questions include:

a.     Whether Defendant's reference in its debt collection letter to "our remedies" and to the consumer's "defenses," as explained in paragraphs 14 – 16 above, violates §§ 1692e, e(2), e(5) and e(10) of the FDCPA.

b.     Whether Defendant's advice to consumers in its debt collection letter to contact the consumer's own attorney or to call Defendant's number

for advice on "potential remedies" and "defenses," as explained in paragraph 17 above, violates § 1692e(3) of the FDCPA.

    c.    Whether Defendant's promise to report consumers' accounts to credit as explained in paragraph 19 above overshadows the consumers' rights to dispute the debts and thus violates § 1692g of the FDCPA.

26.    There are no individual questions of law or fact arising strictly from the debt collection language cited in Defendant's debt collection letter (**Ex. 2**) other than the questions raised in paragraph 25 above, questions that can be resolved by ministerial inspection of Defendant's records.

27.    Plaintiff's claims are typical of the Class members in that he alleges the same claims asserted on behalf of the Class as a whole.

28.    Plaintiff will fairly and adequately represent and protect the interests of the Class members.  Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA.  Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this claim.  Plaintiff and his counsel will vigorously pursue this matter.

29.    Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

30.     Prosecution of separate actions by individual Class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or would substantially impair or impede their ability to protect their interests.

31.     Prosecution of separate actions by individual members of the Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants who are expected to oppose the Class.

32.     Questions of law and fact common to the Class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the Class will be effective and appropriate for the entire class; all members of the Class have right to damages or other relief which may be readily computed in each case or otherwise readily determined.

33.     Many of the persons with whom Defendant has dealt, or who were affected by Defendant's activities, may not be aware of their rights, or are not in a financial position to assert such rights readily.  Because relegation of their claims to individual actions would result in an unreasonable multiplicity of lawsuits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

34.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Classwide damages are essential to induce Defendant to comply with state and Federal law, e.g. removing the language violative of the FDCPA from its debt collection letters, without forcing each affected Class member to litigate those issues separately.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damage award on an individual case is $1,000 for violation of the FDCPA. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g. for securities fraud.

35.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

36.     Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. FIRST CAUSE OF ACTION:

## VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

37.     On behalf of himself and the Class he seeks to represent, Plaintiff brings this first claim for relief against Defendant under the FDCPA, 15 U.S.C. §§ 1692, *et. seq.*

38.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

39.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

40.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

41.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

42.     Defendant has violated the FDCPA.  The violations include, but are not limited to, 15 U.S.C. §§ 1692c(a)(2), e, e(2)(A), e(3), e(5), e(10), f(1), g and g(b).

43.     Defendant's acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay the debt.

44.     As a result of Defendant's violations of the FDCPA, Plaintiff has been caused to suffer damage to his credit score and/or credit worthiness.

45.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

46.     As a result of Defendant's violations of the FDCPA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five

hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

47.     As a result of Defendant's violations of the FDCPA, Plaintiff and the Class are entitled to an award of attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a)     Assume jurisdiction in this proceeding;

b)     Certify this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3);

c)     Declare that Defendant violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), e, e(2)(A), e(3), e(5), e(10), f(1), g and g(b);

d)     Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

e)     Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)      Award Plaintiff and the Class the costs of this action and reasonable

attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

g)      Award Plaintiff and the Class such other and further relief deemed

proper and just.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.


Dated: <u>1/2/2020</u>                          Respectfully Submitted,

<u>/s/ Rhett L. Hoestenbach</u>
Rhett L. Hoestenbach, Esq.
Texas Bar No. 00789376
RHETT HOESTENBACH, P.C.
1011 Westlake Dr.
Westlake Hills, TX 78746-4511
Tel.: 512.472.8865
E-mail: rhett@512lawfirm.com

# EXHIBIT 1

PO BOX 1391
SOUTHGATE, MI 48195-0391



**DIVERSIFIED CONSULTANTS, INC.**

07/11/19

John Hoestenbach
3601 Fandango
Leander, TX 78641-3664

Creditor: AT&T
Agency Reference Number: 83390466
Account Number: 133302988
Balance: $660.95

9927

We received your letter disputing the above-referenced account. We have placed the account in dispute status while we gather the information needed to respond your dispute. While we acknowledge and are currently investigating your dispute, federal law requires us to provide the following disclosures within five days after our initial communication with you.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

Diversified Consultants Inc. is doing business as Diversified Controls International of Florida in the state of Texas.

This communication is from a debt collector.

Sincerely,
Diversified Consultants, Inc.
PO Box 551268
Jacksonville, FL 32255-1268
866-872-8843

 **Toll Free:** 866-872-8843

**Hours of Operation:**
Monday – Thursday:   8 AM – 11 PM EST
Friday:   8 AM – 10 PM EST
Saturday:   9 AM – 4 PM EST

 **Visit Us Online at:**
www.dcicollect.com

DCI\10102\237424269783

18227\0009927\0031

# EXHIBIT 2

Form UA-01

THE COLLECTION FIRM
OF
FRANKLIN COLLECTION SERVICE, INC
PO BOX 3910
TUPELO, MS 38803-3910

FCSI
P.O. BOX 3910
TUPELO MS 38803-3910

TOLL FREE: (877) 264-2172



NOTICE DATE:   NOVEMBER 11, 2019

WWW.FRANKLINSERVICE.COM
Make checks payable to Franklin Collection Service, Inc.

JOHN HOESTENBACH

3601 FANDANGO
LEANDER TX 78641-3664

| OWED TO: | AT&T |
|---|---|
| FCSI CASE #: | 033929630 |
| CLIENT ACCOUNT NUMBER: | 133302988 |
| CHARGE FOR SERVICE: | $660.95 |
| CLIENT PROVIDED EQUIPMENT CHARGE: | $0.00 |
| TOTAL DUE THIS ACCOUNT: | 660.95 |

**DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT.**

THIS ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTION. YOU HAVE AN OUTSTANDING BALANCE OF 660.95 OWED TO AT&T. IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER WE AGREE TO OFFER YOU A SETTLEMENT OF $462.67. TO ACCEPT THIS OFFER PLEASE SEND PAYMENT OF $462.67. IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (877) 264-2172.

I INTEND TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER (30) THIRTY DAYS OF YOU RECEIVING THIS NOTICE.

TO DISCUSS YOUR PAYMENT OPTIONS CALL 1-877-264-2172. DON'T WANT TO TALK TO A LIVE FCSI CASE WORKER? GO TO WWW.FRANKLINSERVICE.COM TO PAY ONLINE, OR TO CHAT WITH AN ONLINE FCSI REPRESENTATIVE. TO PAY BY PHONE 24 HOURS A DAY YOU MAY CALL 866-319-0760. YOU MAY PAY BY CREDIT OR DEBIT CARD BY COMPLETING THE BACK OF THIS NOTICE. PLEASE HAVE YOUR CHECK OR CREDIT/DEBIT CARD INFORMATION READY

*BE SURE TO INCLUDE YOUR FCSI CASE NUMBER.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

BUSINESS HOURS: MONDAY - SATURDAY 8AM - 9PM, SUNDAY 1PM - 5PM CST

FRANKLIN COLLECTION SERVICE, INC.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

PLEASE ACCEPT PAYMENT BY:
MASTERCARD, VISA, AMERICAN EXPRESS, OR DISCOVER

☐ MASTER CARD    ☐ VISA    ☐ AMERICAN EXPRESS    ☐ DISCOVER

Account No.

Expiration Date:_____ Month _____ Year
Cardholder Name (as it appears on the card):_____
Signature _____
Contact number for verification of information if necessary: (_____)_____

CHECKING ACCOUNT:
Name on Account: _____
Routing #:_____
Account #:_____

UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT THE DEBT, OR ANY PART THEREOF, IS DISPUTED THIS OFFICE WILL OBTAIN
VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

| State | License # | State | License # | State | License # | State | License # |
|-------|-----------|-------|-----------|-------|-----------|-------|-----------|
| AK | 336 | ID | CCA-3308 | MN | CA20339488 | OR | CA48865 |
| AZ | CA-0905411 | IL | 17-020633 | NE | 472 | TN | 2180 |
| AR | 813 | IN | 6579 | NM | 00733 | UT | 5077006-0131 |
| CO | 988234 | ME | DCL6276 | NYC | 1155006 | WA | 602218015 |
| CT | 10853 | MD | 3370 | NY-Buffalo | 535537 | WV | 1050-5604 |
| DE | 2002103154 | MA | DC0860 | NC | 101292 | | |
| FL | CCA0900343 | MI | 2401001759 | ND | CA100726 | | |

When this letter was mailed no attorney has personally reviewed your account.